**Order filed November 30, 2021**



## In The

# Eleventh Court of Appeals

_____

### Nos. 11-21-00145-CR & 11-21-00200-CR

_____

### DANIEL RAY GARCIA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**

**Gaines County, Texas**

**Trial Court Cause Nos. 19-5086 & 16-4669**

### O R D E R

Before this court is a pro se motion related to the clerk's records and the reporter's records that were filed in these causes. We note that Appellant filed the motion in each cause on November 1, 2021, before most of the records were even due to be filed in this court. The records filed in this court have now been provided to Appellant by the district clerk and the court reporter. Therefore, Appellant's motion is moot in this regard.

Appellant also complains of omissions from the clerk's record in Cause No. 11-21-00200-CR (trial court cause no. 16-4669). Appellant asserts that the district clerk is required "to send all documents." Appellant is incorrect. The Texas Rules of Appellate Procedure provide that, unless otherwise specifically designated by a party, a clerk's record in a criminal appeal shall, if applicable, include the following documents: the indictment or information, any special plea or defense motion that was presented to the court and overruled, any written waiver or stipulation, any plea documents, the court's docket sheet, the jury charge and verdict, findings of fact and conclusions of law, the judgment or order that is being appealed, a request for findings of fact and conclusions of law, post-judgment motions and any rulings thereon, the notice of appeal, any bill of exception, the certification of Appellant's right of appeal, and any request for the preparation of the reporter's record and the clerk's record. TEX. R. APP. P. 34.5(a).

Here, the clerk of the district court certified that "all of the documents specified by Texas Rule of Appellate Procedure 34.5(a) and all other documents timely requested by a party to this proceeding under Texas Rule of Appellate Procedure 34.5(b)" were included in the clerk's record. Appellant did not file a designation of record with the trial court clerk identifying specific, additional items to be included in the clerk's record. *See* TEX. R. APP. P. 34.5(a)(13), (b). Furthermore, we note that some of the omissions about which Appellant complains in his motion, such as police statements and witness statements, were likely not even filed with the district clerk. Based on our review of the clerk's record, it does not appear that the clerk's record is defective or inaccurate; therefore, we deny Appellant's request to supplement or correct the record. *See* TEX. R. APP. P. 34.5(c), (d).

2

Next, Appellant complains about the form of the reporter's record and the color of the district clerk's file stamp.   These complaints are without merit.

Accordingly, we deny Appellant's motion in part and dismiss the motion in part as moot.

PER CURIAM

November 30, 2021

Do not publish.   *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.